FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**    2016 FEB -8  PM 2: 28
**FORT MYERS DIVISION**

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

**CASE NO.**

| | |
|---|---|
| **EDWARD SANTANA,** | |
| Plaintiff, | ***JURY TRIAL DEMANDED*** |
| v. | |
| **RIB CITY ESTERO, INC.,** **D/B/A RIB CITY** | |
| | 2:16-CV-110 -FtM-29CM |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Pro Se Plaintiff, Edward Santana (**"Plaintiff"**), hereby sues

Defendant, Rib City Estero, Inc. d/b/a Rib City (**"Defendant"**), and alleges as follows:

### INTRODUCTION

This is an action for intentional age discrimination under the theory of Disparate

Treatment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§2000(e), et seq. (hereinafter referred to as **"Title VII"**) and the Age Discrimination in

Employment Act (hereinafter referred to as **"ADEA"**) to correct unlawful employment

practices and to provide relief to the Plaintiff who was denied employment by Defendant

because of his gender [male] (hereinafter referred to as the **"protected class"**) and age

[43], 40 years old or older, (hereinafter referred to as **"protected age group"**). As alleged

with greater particularity below, Plaintiff will establish that Defendant failed or refused to

hire the Plaintiff (and other job applicants) in the protected age group and protected class

seeking the position of server and/or hostess, all in direct violation of the ADEA, 29 U.S.C. § 623(a)(1)(2) and Title VII 42 U.S.C. § 2000e-2(a)(1)(2)[Section 703]. As will be seen throughout this complaint, the Plaintiff will present direct and/or circumstantial evidence under the theory of disparate treatment in regards to the Defendant's discriminatory treatment of the Plaintiff. As a result of this discriminatory disparate treatment, Plaintiff has suffered lost wages.

1.      This is an action Court for over **FIFTEEN THOUSAND DOLLARS** **($15,000.00)**, exclusive of interest and costs, and is within the jurisdictional limits of this Court.

2.      Jurisdiction is invoked pursuant to 28 U.S.C. § 451, 1331, 1337 and 1343. This action is also authorized and instituted pursuant to Section 7(b) of the ADEA of 1967, as amended, 29 U.S.C. § 626(b) and 42 U.S.C. §2000(e), et seq.

3.      The employment discrimination alleged to be unlawful were committed within the jurisdiction of the United States District Court Court for the Middle District of Florida.

4.      Venue is proper in Lee County, Florida.

5.      At all times material, Plaintiff was a United States citizen, a lawful resident of Lee County and over the age of eighteen (18) years old.

6.      At all times material, Defendant was doing business in South West Florida and in particular, Lee County, Florida.

## CONDITIONS PRECEDENT

7.     Plaintiff incorporates by reference the allegations in paragraphs 1-6.

8.     On December 2, 2015, Plaintiff filed an Intake Questionnaire and a Sworn Affidavit/Charge (hereinafter referred to as **"Charge"**) of age and gender discrimination against the Defendant with the United States Equal Employment Opportunity Commission (hereinafter referred to as the **"EEOC"**).

9.     More than sixty (60) days have elapsed since the filing of the Plaintiff's ADEA Charge and as a result, agreeable with 29 U.S.C. § 633(a), suit may be brought without regard to the completion of the administrative process or receipt of a "**right-to-sue-letter.**" In addition, the Plaintiff has received his **"right-to-sue-letter"** in regards to Title VII gender and ADEA age discrimination claims.

10.     Prior to the institution of this lawsuit, Plaintiff attempted to eliminate the unlawful employment discriminatory disparate treatment alleged below in an effort to amicably resolve any and all issues with Defendant but was unable to do so.

11.     Thus, all conditions precedent to the initiation of this action against Defendant has been complied with through the administrative procedures.

## PARTIES

12.     Plaintiff incorporates by reference the allegations in paragraphs 1-11

13.     At all times material hereto, Plaintiff, was a forty three (43) year old male (Plaintiff is now 44 years old) United States citizen and lawful resident of Lee County, Florida and otherwise _sui juris_ within the jurisdiction of this Court.

14.     At all times material hereto, Defendant is an active Florida Corporation, authorized to do and doing business in the state of Florida, owned and managed, at least

3

in part, by Craig Peden and Paul Peden.  At all times material hereto, Defendant did business under the fictitious name of Rib City and was a restaurant notorious for offering a wide variety of BBQ cuisine in Lee County, Florida.

15.    At all times material hereto, Defendant has continuously been a Florida corporation doing business in Lee County, Florida located at 10431 Corkscrew Commons Drive, Estero, Florida 33928 and within the jurisdiction of this Court and has had at least 20 employees.

16.    At all times material hereto, Defendant has continuously been an **"employer"** employing 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person, pursuant to ADEA. In addition, Defendant has been, and continue to be an enterprise and employer engaged in commerce and/or in the production of **"goods"** for **"commerce"** as defined in Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630 (b), (g) and (h).

17.    At all times material hereto, Defendant has been an **"employer"** engaged in an **"industry affecting commerce"** as defined in Sections 701(b), (g) and (h) of Title VII, employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person, pursuant to Title VII.

## FACT COMMON TO ALL COUNTS

18.    The Plaintiff incorporates by reference the allegations in paragraphs 1-17.

19.    Defendant's discriminatory comment(s), as further alleged below, to Plaintiff about how they only hire young female job applicants into the server and hostess position

4

due to owner preference is a text book example of direct evidence of intentional discrimination which is also in direct violation of 29 CFR.

20.   In addition to direct evidence or in the alternative, Plaintiff has also adduced circumstantial evidence under the disparate treatment theory. Plaintiff is a 44 year old male, a member of the protected age group and protected class with nearly 28 years of restaurant/food service experience and states that (a) he was qualified and applied for the position of server and/or hostess; (b) he was rejected by Defendant despite his qualifications; and (c) other equally or less qualified substantially younger female employees who are not members of the protected age group or class were hired.

21.   The Defendant's refusal to hire Plaintiff was based on his gender and age and not on his qualifications to perform the duties of his job. Further preferring one age or sex over another for certain positions violates federal law (ADEA and Title VII). This type of blatant age and gender discrimination should not be tolerated by this Court. Employers cannot refuse to allow males or older adults in the protected age group to be denied work based on discriminatory stereotypes.

22.   By prominently not hiring males in the protected age group as servers and hostesses such as Plaintiff, Defendant creates and maintains a segregated work force by refusing to hire older male job applicants such as the Plaintiff for the front of the house positions of server and hostess and by hiring only males (and hiring older job applicants) in the protected age group and class for all of their back of the house positions such as cooks, chefs, prep cooks and dishwashers.

23.   On or around October 2, 2015, Plaintiff applied for the vacant positions of server and/or hostess at the Defendant's Rib City restaurant in Estero, Florida by

submitting a Rib City job application and his resume to Defendant's General Manager, Tessa Butera. Plaintiff was denied a job offer because of his age and gender in violation of the ADEA and Title VII.

24.     Plaintiff is a member of the protected age group and protected class, Plaintiff was subjected to an adverse employment action, applied for and was qualified for the available position(s) sought, and the Defendant rejected his application in favor of substantially younger female job applicants/employees (approximately 3-4 hostesses).

25.     Upon information and belief, due to the Defendant's unlawful and discriminatory employment disparate treatment, it has denied the Plaintiff his right to equal employment opportunity in violation of ADEA and Title VII, in that qualified job applicants, in the protected age group and protected class including but not limited to the Plaintiff, has been denied employment that were given to equally or less qualified substantially younger female employees outside of the protected age group and protected class.

26.     The Defendant's disparate treatment of discriminating against job applicants, including the Plaintiff, in the protected age group and protected class, for the position of "hostess" emanates from top management and in particular, the Defendant's principal owners Craig Peden and Paul Peden which has been communicated to, repeated to, repeated by, and carried out by the Defendant's manager(s), including but not limited to Defendant's hiring General Manager Tessa Butera, in regards to the Defendant's preference for hiring only extremely young female servers and hostesses in or around their teens or 20's of age.

6

27.    Rather than hiring on the basis of experience, articulation, attitude, enthusiasm, professionalism as well as appearance, the Defendant hires servers on the basis of age and gender and it is this discriminatory hiring that has led to the Defendant's reputation as a discriminator against applicants in the protected age group and class for the positions of server and hostess.

28.    What is even more troubling in regards to the Defendant's discriminatory hiring practice, is that the Defendant has not and does not advertise anywhere that it is an Equal Opportunity Employer and/or that veterans are encouraged to apply.

29.    The Defendant's general manager's comments to the Plaintiff about how the Defendant only hires young female job applicants into the server and hostess positions due to owner preference is direct evidence of intentional discrimination which is in direct violation of the ADEA and Title VII.

30.    Upon information and belief, since at least January 1, 2015 and/or October 2, 2015, the Defendant has engaged in unlawful employment practices at its restaurant. These unlawful employment practices include, but are not limited to the following:

       a. Upon information and belief, since at least January 1, 2015 and/or October 2, 2015, the Defendant has subjected Plaintiff (and/or others similarly situated aggrieved job applicants) for the server and hostess position to discriminatory disparate treatment in the failure or refusal to hire such persons because of their age and gender.

       b. Upon information and belief, as of January 1, 2015 and/or October 2, 2015, **NONE** of the Defendant's approximately 20-25 servers and hostesses are in the protected age group or protected class.

c. General Manager, Tessa Butera (with responsibility for day-to-day operations at Defendant's restaurant including authority over the hiring process) was instructed by her supervisory owner(s) Craig Peden and/or Paul Peden not to hire job applicants in the protected age group and protected class for the server and hostess position. Ms. Butera inquired of the Plaintiff's age and after the Plaintiff replied that he was 43 years old, Ms. Butera stated to Plaintiff: "Oh, 43 years old, unfortunately I cannot hire you for the server and hostess position because you are a male and you are too old for those positions, as all of our Rib City locations statewide hire only young females for those two positions, in or around their teens or 20's of age because that is what Rib City's owners prefer." Before and after I applied at Defendant's restaurant, I noticed that all their servers and hostesses were indeed young female servers and hostesses in or around their teens or 20's of age. On visits to Defendant's restaurant as a customer, several employees of Defendant confirmed to me that Defendant only hires young female servers and hostesses.

d. Upon information and belief, older male job applicants in the protected age group and protected class, including the Plaintiff, who applied for the server and hostess position was told by Defendant's general manager that Defendant preferred to hire young female servers and hostesses. The age and gender composition of the Defendant's server

and hostess staff similarly communicated this message to Defendant's job applicants and potential applicants including the Plaintiff.

e. Defendant either directly or implicitly, has instructed their manager(s) not to hire applicants in the protected age group and protected class for the server and hostess position. One would only need to walk into the Defendant's restaurant to notice the lack of diversity, while recognizing that the Defendant is not an Equal Opportunity Employer due to lack of servers and hostesses in the protected age group and protected class. In addition, the comments made to the Plaintiff from several employees at the Defendant's restaurant is further proof of how the Defendant intentionally discriminates and prefers young female servers and hostesses over older male applicants in the protected age group  and protected class applying for the positions of server and hostess.

31.    The effect of the discriminatory treatment complained of in paragraphs 30(a) through (e) above has been to deprive the Plaintiff in the protected age group and protected class of equal employment opportunities and otherwise to adversely affect his status as an applicant or potential employee, because of his age and gender.

32.    In order to establish a case under the ADEA and Title VII, a Plaintiff may use three different kinds of evidence to show discriminatory intent: (1) direct evidence, (2) circumstantial evidence or (3) statistical evidence. The analytical framework and burden production varies depending on the method of proof chosen. As will be seen, the Plaintiff has adduced direct, circumstantial and statistical evidence.

9

## COUNT 1
## EMPLOYMENT DISCRIMINATION ON THE BASIS OF AGE
## AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED

33.     The Plaintiff incorporates by reference the allegation in paragraphs 1-32.

34.     The conduct of the Defendant to the Plaintiff in relation to the discrimination described above was in violation of the ADEA.

35.     Plaintiff belongs to a protected age group within the meaning of the ADEA, because he is 43 years old.

36.     As set forth above, Plaintiff had been subjected to disparate treatment discrimination by the Defendant when the Plaintiff applied for the positions of server and hostess.

37.     Part of the discrimination Plaintiff endured was because of his age.

38.     Defendant violated the ADEA, 29 U.S.C. § 623(a)(1)(2). Unlawful employment practices: **(1)** Employer practices: It is an unlawful employment practice for an employer: **(a)** to **fail** or **refuse** to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals **age**; or **(b)** to limit, **segregate**, or classify his employees or applicants for employment in any way which would deprive any individual because of such individuals age.

39.     Defendant's employment practices are discriminatory, with respect to hiring and other terms and conditions of employment.

40.     Rather than hiring on the basis of experience, articulation, attitude, enthusiasm, professionalism as well as appearance, the Defendant hires servers and servers on the basis of age and it is this discriminatory hiring that has led to the

Defendant's reputation as a discriminator against applicants in the protected group for the positions of server and hostess.

41.     A server's and hostess' primary function is to serve food and drinks, warmly greet and seat guests/customers. An employee in the protected age group can perform these job functions.

42.     Defendant's comment to the Plaintiff about how they only young hire females applicants into the server and hostess position due to owner preference is direct evidence of intentional discrimination which is also in violation of 29 CFR 1604.2.

43.     The unlawful employment practices complained of in paragraphs 30(a) through (e) were willful within the meaning of ADEA.

44.     Defendant has performed the acts alleged with malice, fraud, oppression, and/or reckless indifference to the protected rights of Plaintiff.

45.     This cause of action seeks lost wages, declaratory, injunctive, equitable and costs for intentional age discrimination suffered by the Plaintiff in the form of discriminatory disparate treatment brought pursuant to the ADEA.

46.     As a direct and proximate result of the deprivation of rights at the hands of Defendant, Plaintiff has suffered injury, including but not limited to loss of wages and benefits that he would have been entitled to in absence of the age discrimination.

## COUNT 2
### EMPLOYMENT DISCRIMINATION ON THE BASIS OF GENDER
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000(e) *et seq*

47.     The Plaintiff incorporates by reference the allegation in paragraphs 1-32.

48.     The conduct of the Defendant to the Plaintiff in relation to the discrimination described above was in violation of the Title VII.

11

49.     Plaintiff belongs to a protected class within the meaning of the Title VII, because he is a male.

50.     As set forth above, Plaintiff had been subjected to disparate treatment discrimination by the Defendant when the Plaintiff applied for the positions of server and hostess.

51.     Part of the discrimination Plaintiff endured was because of his gender.

52.     The Defendant violated 42 U.S.C. § 2000e-2(a)(1)(2)[Section 703]. Unlawful employment practices: (a) Employer practices: It shall be unlawful employment practice for an employer—(1) to **fail** or **refuse** to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals race, color, religion, sex, or national origin; or **(b)** to limit, **segregate**, or classify his employees or applicants for employment in any way which would deprive any individual because of such individuals race, color, religion, **sex**, or national origin.

53.     The employment practices are discriminatory, with respect to hiring and other terms and conditions of employment.

54.     Rather than hiring on the basis of experience, articulation, attitude, enthusiasm, professionalism as well as appearance, the Defendant hires servers and hostesses on the basis of gender and it is this discriminatory hiring that has led to the Defendant's reputation as a discriminator against applicants in the protected class for the positions of server and hostess.

55.     A server's and hostess' primary function is to serve food and drinks, warmly greet and seat guests/customers. A male or female can perform these job functions and

therefore, the Defendant is not entitled to the defense of bona-fide occupational qualification (**"BFOQ"**).

56.     The server and hostess position addressed in this instant case is mainly being limited to young females by an employer who merely wishes to exploit female sexuality as a marketing tool to attract customers and insure profitability.

57.     Defendant's comment to the Plaintiff about how they only young hire females applicants into the server and hostess position due to owner preference is direct evidence of intentional discrimination which is also in violation of 29 CFR 1604.2.

58.     The unlawful employment practices complained of in paragraphs 30(a) through (e) were willful within the meaning of Title VII.

59.     Defendant has performed the acts alleged with malice, fraud, oppression, and/or reckless indifference to the protected rights of Plaintiff.

60.     This cause of action seeks lost wages, punitive damages, declaratory, injunctive, equitable relief and costs for intentional age discrimination suffered by the Plaintiff in the form of discriminatory disparate treatment from Defendant brought pursuant to Title VII.

61.     As a direct and proximate result of the deprivation of rights at the hands of Defendant, Plaintiff has suffered injury, including but not limited to loss of wages and benefits that he would have been entitled to in absence of the age discrimination.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other similarly situated employees, prays for relief as follows:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of age and gender;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal opportunities for applicants in the protected age group and protected class and which eradicate the effects of their past and present unlawful employment practices;

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated (double) damages, and prejudgment interest to Plaintiff and others similarly situated, individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to, applicants in the protected age group and protected class that were not hired because of their age and gender;

D. Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including but not limited to instatement, reinstatement, provide front pay in lieu of reinstatement,

14

or otherwise make whole individuals denied employment because of their age and gender, including but not limited to Plaintiff;

E. Order Defendants to advertise, at their expense, to identify presently unidentified job applicants in the protected age group and protected class;

F. Order Defendants to provide training for supervisors and managers at all corporate levels, specific to the ADEA and Title VII;

G. Grant such further relief as the Court deems necessary and proper in the public interest;

H. Award Punitive damages in regards to Count 2 (Title VII violation); and

I. Award the Plaintiff its cost of this action.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Edward Santana demands a Trial by Jury on all issues triable as of right by a jury.

Dated this ___8th___ day of February, 2016.

Respectfully Submitted,

Edward Santana – Pro Se
8951 Bonita Beach Rd SE #525
Bonita Springs, FL 34135
(239) 287-6332
esantana44@yahoo.com

15